Argued and submitted February 13, reversed and remanded June 19,
reconsideration denied November 6, petition for review denied December 17, 1991
(312 Or 527)

## STATE OF OREGON,
*Appellant,*

*v.*

## BY VAN NGUYEN,
*Respondent.*

(3529B; CA A63772)

813 P2d 569

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael C. Livingston, Assistant Attorney General, Salem.

R. Latang Sajang Catalani, Portland, argued the cause for respondent. With him on the brief were Susan D. Marmaduke and Olson & Marmaduke, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant was charged with driving under the influence of intoxicants. ORS 813.010. The state seeks reversal of a pretrial order suppressing the results of his breath test. We reverse and remand.

On September 3, 1989, Deputy Sheriff Brown arrested defendant for driving under the influence of intoxicants. After taking defendant into custody and before asking him to take the breath test, Brown read aloud the portion of the implied consent form that explains the consequences of refusing to submit to the test and the rights of a driver under arrest for driving under the influence of intoxicants. He then asked defendant to take the test, and defendant nodded his head.

Defendant moved to suppress the results of the breath test on the ground that, because he speaks and understands only Vietnamese, he was not adequately informed of his rights and the consequences of refusal. Brown testified at the suppression hearing that there was an "extreme language barrier" between him and defendant and that he had no personal knowledge whether defendant could understand English. Defendant testified through an interpreter that, except for a few phrases, he does not read English or understand it when it is spoken. He testified that he understood Brown's question about "beers" but that he did not understand anything else said to him and that he signed the implied consent form but did not read it.

The trial court granted the motion to suppress, concluding that

> "any commonsensical interpretation of the word 'inform' would mean at least, at a minimum, that he personally have some understanding of the language that he was being spoken to or being allowed to read. One cannot be informed when one has an inability to understand. Not that the — and I would concur with [the prosecutor that] it doesn't necessarily mean that the person did understand, but there at least had to be some possibility of understanding, which it is clear to me that there was not."

The only issue is whether the legislature intended by ORS 813.100 to require that the state prove that defendant understood his rights and the consequences of refusing a breath test. No constitutional grounds for suppression were raised below or on appeal.

ORS 813.100 provides, in part:

"(1)   Any person who operates a motor vehicle upon premises open to the public or the highways of this state shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance. Before the test is administered the person requested to take the test shall be informed of consequences and rights as described under ORS 813.130.

"(2)   No chemical test of the person's breath shall be given, under subsection (1) of this section, to a person under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance, if the person refuses the request of a police officer to submit to the chemical test after the person has been informed of consequences and rights as described in ORS 813.130."

In a discussion of the legislative intent of ORS 813.100(1), the Supreme Court has said:

"The basic concept embodied in the implied consent law is that one who drives a motor vehicle on the state's highways impliedly consents to a breath test. * * * [T]he statute's references to a driver's 'refusal' do not evince a legislative concern that the driver make a voluntary and fully informed decision whether to submit to the test. Consent being implied by law, a driver may not legally refuse. A driver, however, can *physically* refuse to submit, and the implied consent law, recognizing that practical reality, forbids the use of physical force to compel submission. The history and development of the implied consent law * * * suggest that the advice to be given an arrestee was intended to provide an additional

incentive, short of physical compulsion, to induce submission." *State v. Spencer,* 305 Or 59, 70, 750 P2d 147 (1988). (Footnotes omitted.)

Thus, ORS 813.100(1) is intended to be coercive, not protective; the information about rights and consequences is intended to induce submission to the breath test.

Although the statute requires that a person under arrest for driving under the influence of intoxicants be "informed" of the consequences and rights described in ORS 813.130, it does not require that the information be understood. In *State v. Weishar,* 78 Or App 468, 717 P2d 231, *rev den* 301 Or 338 (1986), the defendant argued that, without an interpreter, his hearing problem prevented him from being adequately informed of the necessary information as then required by *former* ORS 487.805(1) (*now* ORS 813.100). Although the defendant also received the information in written form and would have been able to read it if he had been sober, we said that the purpose of the statute did not require that the defendant understand the information. We held that the officer had performed his statutory duty to inform and that that was all the statute required.

In this case, defendant's language problem may have prevented him from understanding the information given him. Defendant contends that that requires us to reach a different result than we did in *Weishar,* because an arrested person cannot be "informed" if he has an inadequate understanding of the language in which the information is given. An officer is not required to determine how fully the arrested person is able to understand the information given. Brown performed his statutory duty to inform and, as we said in *Weishar,* that is all that the law requires.

Reversed and remanded.