Argued and submitted September 23, 1994, reversed and remanded May 24, 1995

# STATE OF OREGON,
*Appellant,*

*v.*

# FRED HAASE,
*Respondent.*

## (9310464; CA A80922)

895 P2d 813

Diane S. Lefkow, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

John Henry Hingson III argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and De Muniz and Leeson, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

The state appeals a pretrial order allowing defendant's motion to suppress the audio portion of a videotape recording made during defendant's arrest for driving under the influence of intoxicants. The trial court ruled:

"That the officer failed to specifically inform the Defendant that the Defendant's conversation was being obtained by electronic recording, and that in the totality of the circumstances the Defendant was unaware that the conversation was being obtained."

The issue is whether, as a matter of law, the officer's statement to defendant sufficiently informed him that "their conversation is being obtained" as required by statute. ORS 165.540 provides:

"(1) Except as otherwise provided in ORS 133.724 or subsections (2) to (7) of this section, no person shall:

"* * * * *

"(c) Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if all participants in the conversation are not specifically informed that their conversation is being obtained."[1]

The trial court found that the officer lawfully stopped defendant's car and

"[t]hat initially upon approaching the Defendant, the officer advised the Defendant that he was 'being monitored both by camera and by audio means' and that the officer was in fact, recording the Defendant's voice and image by means of a video camera, and an inconspicuous microphone attached to the officer's uniform."

■ The state argues that defendant was sufficiently "informed," because ORS 165.540(1)(c) does not require the use of the specific words "obtained by electronic recording," as the trial court held. The substance of the warning and not

---

[1] ORS 41.910 provides, in part:

"(1) Evidence of the contents of any wire or oral communication intercepted:

"(a) In violation of ORS 165.540 shall not be admissible in any court of this state * * *."

its form is what is important, the state contends. The court also was incorrect, the state argues, in requiring that defendant actually understand the warning. Defendant, on the other hand, contends that he was not given adequate warning that his conversation was being recorded, because the word "monitoring" is not synonymous with "recording."[2]

We have held that the requirements of ORS 165.540(1)(c) are *not* met when a party to a conversation, although not warned, "reasonably should have known that [a] recording was being made." Instead, that party must receive "an unequivocal warning" that the conversation is being "obtained." *State v. Bichsel*, 101 Or App 257, 790 P2d 1142 (1990). However, the statute does not require any particular form of warning. In substance, it requires that the participants be informed that the conversation is being recorded or otherwise "obtained" by some device. As long as the warning reasonably imparts that information, it is sufficient.

■ Here, the arresting officer approached defendant and said:

"I need to tell you before you start that this conversation is being monitored by camera and by audio means."[3]

That statement would reasonably inform a person that the conversation was being recorded on film and on an audio recording device. We hold as a matter of law that ORS 165.540(1)(c) was satisfied.

■■ The trial court also found that "in the totality of the circumstances the Defendant was unaware that the conversation was being obtained." The test is not whether defendant

---

[2] The arguments of both parties seem to proceed on the basis that "obtain," as used in ORS 165.540(1)(c), only means to record the conversation by me  ᵒ ᵒᵣ any device described in the statute. This perhaps is understandable, because the officer was recording the conversation on videotape.

We have interpreted the word "obtain" in the statute to include intercepting as well as recording. *State v. Bichsel*, 101 Or App 257, 260, 790 P2d 1142 (1990); *State v. Knobel*, 97 Or App 559, 777 P2d 985 (1989), *rev den* 309 Or 522 (1990). Intercepting can include both listening or recording by means of a described device. Consequently, monitoring, whether a synonym for recording or not, may well be encompassed in the statutory word "obtain." *See* ORS 41.910(1)(b)(B).

[3] The officer's statement was recorded on the sound tract of the videotape. Defendant contends that the officer said "by camera and by audible means." We accept the trial court's finding that the officer said "by audio means."

was aware that the conversation was being recorded; it is whether the officer gave defendant the required information.[4] The statute does not require that defendant understand it.[5] *See State v. Nguyen*, 107 Or App 716, 813 P2d 569, *rev den* 312 Or 528 (1991); *State v. Weishar*, 78 Or App 468, 717 P2d 231, *rev den* 301 Or 338 (1986).

The trial court suppressed the audio portion of the videotape on statutory grounds. Defendant argued below and now on appeal as an alternative basis for affirming the trial court's ruling that the audio recording should be suppressed under Article I, section 9, of the Oregon Constitution. He contends that a surreptitious tape recording of defendant's conversation is a search and seizure under the state constitution. He argues that the search and seizure of the conversation was not authorized by warrant, probable cause or consent and, therefore, it was illegally obtained and subject to suppression.

Defendant's argument depends on the predicate that the recording was surreptitious. If the warning requirements of ORS 165.540(1)(c) are met, the recording is not surreptitious or clandestine. The recording was not clandestine and we need not decide whether defendant is correct that an unlawful search would otherwise occur.

Defendant finally contends that, if the trial court erred by suppressing the recording, the error was harmless and does not require reversal of the suppression order. In essence, he argues that the state has sufficient other evidence[6] and does not need the recorded conversation. He also argues that, under OEC 103(1), the state must show that the evidential error was prejudicial and affected a substantial right of the state.

---

[4] ORS 165.540(1)(c) does not confer any "right" on a participant in a conversation that must be waived and the statute does not require that anyone consent to the conversation being "obtained."

[5] The trial court found that, after the officer stopped defendant's car and approached defendant, he became "aware that the defendant was in a 'stupor,' and not responding appropriately to the officer."

[6] The trial court also suppressed the result of defendant's blood alcohol test. The state does not appeal that ruling.

The ruling we consider is a pretrial order that excluded evidence; the case must still be tried. It would be contrary to the factfinding process to exclude admissible evidence in advance of trial on the ground that the state has other evidence to offer. We decline to apply the harmless error rule under these circumstances.

Reversed and remanded.